**In re: Jeffrey L. KEITH, Petitioner.**

**No. 09–3645.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Oct. 30, 2009.

Opinion filed: Nov. 12, 2009.

---

Jeffrey L. Keith, Camp Hill, PA, pro se.

John F. Nelson, Esq., Office of District Attorney, Chambersburg, PA, for Comm. of Pa.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

On November 4, 2008, Petitioner Jeffrey Keith, a prisoner proceeding pro se, petitioned the District Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the voluntariness of his plea and the effectiveness of his appellate counsel. The Commonwealth of Pennsylvania moved for an extension of time to file a response, and in April 2009, the District Judge granted the motion, granting the Commonwealth until June 1, 2009, to respond. Having received no response, on August 5, 2009, the District Judge entered an order that a hearing on the habeas petition would be scheduled if the Commonwealth did not submit a response by September 1, 2009. The Commonwealth then submitted a response to Keith's habeas petition on August 31, 2009. On September 4, 2009, Keith petitioned this Court for a writ of mandamus, requesting an order compelling the District Court to act upon his habeas petition.[1] Since that time, on September 9, 2009, Keith filed a reply brief to the Commonwealth's response to his habeas petition in the District Court.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996). Although a district court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817–18 (3d Cir.1982), a federal appellate court "may issue a writ of mandamus on the ground that [the district court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We recognize that approximately one year has elapsed since the date Keith submitted his habeas petition. However, the Commonwealth recently submitted a response to which Keith submitted a reply. We cannot conclude that the overall delay in this matter rises to the level of a denial of due process, see id., and we are confident that the District Court will enter an order in due course. Accordingly, the petition is denied.

---

1. At the time Keith submitted his motion for writ of mandamus, it appears that he had not yet received a copy of the Commonwealth's response, which was filed on August 31, 2009. *See* Motion for Writ of Mandamus, p. 4 ("The Petitioner asserts that it is past September 1st 2009, and apparently no response has been filed because he has not receiving nothing, nor has the District Court responded.").